**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James D. Tinsley, Appellant.

Appellate Case No. 2010-179266

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2012-UP-639
Submitted November 1, 2012 – Filed December 5, 2012

**AFFIRMED**

Assistant Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** James D. Tinsley appeals his conviction for receiving stolen property, arguing the trial court erred (1) in finding the warrantless seizure of the

stolen camper was proper and (2) when it allowed the stolen camper's owner to testify regarding the stolen camper's VIN number.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in finding the warrantless seizure of the stolen camper proper: *State v. Brown*, 389 S.C. 473, 479, 698 S.E.2d 811, 814 (Ct. App. 2010) ("When reviewing a Fourth Amendment search and seizure case, we do not review the trial court's ultimate determination de novo, rather we apply a deferential standard." (citing *State v. Kingratsaiphon*, 352 S.C. 62, 70, 572 S.E.2d 456, 459-60 (2002))); *id.* ("This court reviews the trial court's ruling like any other factual finding, and we will reverse only if there is clear error.");  *id.* ("[W]e will affirm if any evidence exists to support the trial court's ruling.").

2.  As to whether the trial court erred in allowing the stolen camper's owner to testify regarding the stolen camper's VIN number: *State v. Cohen*, 305 S.C. 432, 434, 409 S.E.2d 383, 384 (1991) ("The Fourth Amendment does not bar a search and seizure, even an arbitrary one, effected by a private party on his own initiative."); *id.* at 434, 409 S.E.2d at 385 ("The party challenging admission of evidence has the burden to show sufficient government involvement in the private citizen's conduct to warrant [F]ourth [A]mendment scrutiny."); *id.* at 435, 409 S.E.2d at 385 ("Even where the government encouragement was rather strong and specific, yet short of an explicit request for a search, courts have been inclined to declare the search private nonetheless if there was in addition a legitimate private purpose behind the search."); *id.* at 436, 409 S.E.2d at 386 ("[A]n analysis of whether a private citizen's search and seizure is attributable to the State requires an inquiry into the totality of the circumstances.  Factors to be considered include: the citizen's motivation for the search or seizure; the degree of governmental involvement, such as advice, encouragement, knowledge about the nature of the citizen's activities, and the legality of the conduct encouraged by the police.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.